IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL ROBERT QUEEN,

                    Petitioner,

        v.                                    CASE NO. 06-3136-SAC

MICHAEL NALLEY,

                    Respondent.


                         O R D E R

    This matter is before the court on a petition for habeas corpus

filed pursuant to 28 U.S.C. § 2241.  Petitioner challenges two

administrative disciplinary decisions made in January 2005, during

his incarceration at the United States Penitentiary, Leavenworth,

Kansas.  He asks the court to restore the good time credits he lost

as a result of the decisions, expunge the disciplinary reports from

his  record,  and  to  initiate  criminal  charges  against  the

respondent.[1]

    Petitioner commenced this action while incarcerated at the

---

[1]

The request for criminal charges is not relief which may be
granted in a habeas corpus action.  The decision to
prosecute an individual and what criminal charges to pursue
are matters of prosecutorial discretion.  United States v.
Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica
Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir.
1973)(prosecution of state officials for alleged violation
of inmates' federal civil rights is for discretion of U.S.
Attorney).

United States Penitentiary, Marion, Illinois, and is presently incarcerated in White Deer, Pennsylvania.

The named respondent, Michael Nalley, is the North Central Regional Director of the Bureau of Prisons.  The respondent filed an Answer and Return (Doc. 7) asserting that this court lacks jurisdiction because petitioner is not incarcerated in this district, the named respondent is not proper, and because petitioner failed to exhaust administrative remedies following the disciplinary actions.

Petitioner filed a traverse (Doc. 10) in which he asserts he was prevented from pursuing administrative appeals from the disciplinary findings.

## Discussion

The proper respondent in a petition filed pursuant to 28 U.S.C. § 2241 is the petitioner's custodian.  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  Such a petition must be filed in the district in which the petitioner is confined.  Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  Because petitioner was incarcerated at the United States Penitentiary, Marion, Illinois, at the commencement of this action, the petition should have been filed in that district with the warden of that facility named as the respondent, rather than in the District of Kansas.

When such a jurisdictional defect occurs, the error in filing "may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action 'if the transfer is in the interest of justice.'" Haugh, 210 F.3d at

2

1150.   However, the Tenth Circuit has determined that "a court is authorized to consider the consequences of a transfer by taking 'a [quick look] at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."  Id. (quotation omitted).

This court has taken that "quick look" and concludes the present action does not warrant a transfer.  The court bases this conclusion on two grounds: first, it does not appear that the petitioner properly exhausted administrative appeals from the disciplinary actions.  See Doc. 10, Ex. D., Rejection Notices dated October 19, 2005, November 28, 2005, and Ex. E. memoranda dated November 1, 2005, and December 7, 2005, and rejection letter dated December 15, 2005 (stating appeals rejected as untimely).

Next, even if the court were to accept petitioner's claim that he was unable to complete the remedy process through no fault of his own, it is clear the petitioner was afforded due process in the underlying disciplinary actions.

To meet the standards of due process in a prison disciplinary proceeding, a prisoner inmate must receive the protections identified in Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974), namely: written notice of the charges at least twenty-four hours before the hearing, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.

Due process also requires "some evidence" to support the

hearing examiner's decision.   <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454 (1985).   Under this standard, judicial review does not require an "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence."   <u>Hill</u>, 472 U.S. at 455.   The determination is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."   <u>Id</u>. at 455-56.

Here, the administrative record reflects that in Case No. 1294960, the disciplinary report was delivered to the petitioner on December 23, 2004, and the hearing was conducted on January 3, 2005. Petitioner did not request witnesses and waived a staff representative.   He gave a statement to the Discipline Hearing Officer.   The hearing summary contains the following summary of the evidence and the reason for the decision:

> The reporting staff members documented account on 12-22-04 at approximately 9:15 a.m. while speaking to the inmate he grabbed a carton of milk stating "I will throw this s—-- and p—-- on you if you don't get away from my door."  The inmate was ordered to put the milk carton down and pack his property for a cell move.  The inmate stated "f—-- you, come in and get me."
>
> [...]
>
> Inmate's statement to the DHO after being advised of the contents of the report, the inmate stated he didn't understand the charges nor the proceedings.  The DHO explained each charge and basis for the reports.  The inmate declined to cooperate with the efforts of the DHO.
>
> Based upon the evidence annotated above (staff member's written statement) the DHO found sufficient evidence to support the charge.  Although you declined to make any statement before either the Investigation Lieutenant or Members of your UDC when afforded the opportunity, the DHO

relied upon the greater weight of the evidence which he
found more credible to find you did commit the prohibited
act of Code 203 (Threatening) and Code 312 (Insolence) and
Code 307 (Refusing an Order).  (Doc. 10, Ex. C., pp. 3-4
Discipline Hearing Officer's report).


In Case No. 1293999, the record shows petitioner received
advanced written notice of the charge on December 20, 2004, and the
hearing was held on January 14, 2005.  The petitioner waived a staff
representative and the DHO considered written statements provided by
an officer and an inmate.  The DHO also received a photograph of the
weapons recovered in petitioner's cell.

On January 18, 2005, petitioner received a written summary of
the hearing and decision, with the basis for the findings explained
as follows:

> The reporting staff members documented account on 12-20-04
> at approximately 12:15 p.m. while making rounds outside of
> the Special Housing Unit (Bldg. 63) he observed an inmate
> pushing two homemade weapons out of the window.  The
> inmate then plugged the window with a T-Shirt.  The cell
> window was that of cell 218 occupied by inmate Queen.
> Inmate Queen was the sole occupant of cell 218 at the time
> of the incident.  The other occupants of this cell at the
> time of the incident were not present inside the cell.
> One weapon measured approximately 13" in length, the 2nd
> was 19" in length.  Both weapons appeared to have
> manufactured [sic] from melted food tray lids.
>
> Memoranda provided by Lt. Jenkins indicating his
> involvement with inmate Queen was regarding the inmate's
> refusal to submit to hand restraints.
>
> Memoranda provided by Mr. Jestes and the number one
> Officer Mr. Goodwin indicating at the time of the
> incident, both of inmate Queens cellmates were not present
> in the cell only inmate Queen was present in the cell.
>
> The inmate's statement on his behalf before the
> Investigating Lieutenant after being advised of his rights
> was "not mine."  The Investigating Lieutenant indicated

the delay in process this report was due to consideration
by the FBI for possible prosecution.  The DHO found this
delay did not hamper the inmate's ability to adequately
defend himself against the charge.

The inmate provided a written statement to his UDC members
after being advised of his rights indicating he was
approached by a Lieutenant regarding his possession of a
weapon to which he denied the charge.  The inmate
indicates the Lieutenant took his statement and did not
leave him a copy of the charges.  The DHO's review of the
report finds the inmate was provided advance notice of the
charge on as indicated in sections 14-16 of this report.
The inmate requested a report regarding a camera that he
alleges monitors the area.  A check of this request found
no camera material was available.

Inmate's statement to the DHO after being advised of the
contents of the report, the inmate stated was he wasn't
guilty.

Based upon the evidence annotated above (staff member's
written statements and attached photograph of recovered
weapons) the DHO found sufficient evidence to support the
charge.  Although you deny  any guilt or knowledge of the
recovered weapons to the Investigating Lieutenant and
members of your UDC, the DHO relied upon the greater
weight of the evidence as indicated in staffs memos (you
solely were present in the cell at the time staff observed
the weapons being passed through the window of the cell)
to find you did commit the prohibited act of Code 104
(Possession of a Weapon).  (Doc. 10, Ex. C., pp. 5-6,
Discipline Hearing Officer's report.)

Having examined these records, the court concludes petitioner

was afforded the due process protections contemplated by Wolff and

Hill.

Finally, although petitioner makes a number of claims, such as

his assertions that the charges were fabricated in retaliation for

his use of the grievance procedure and that he was denied a staff

representative to prevent the disclosure of exculpatory evidence,

he has provided no support for them.  The court concludes the

present record establishes that petitioner was afforded adequate due

process and finds no basis for relief is presented.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED the respondent's motion to strike supplement (Doc. 13) and petitioner's motion for judgment (Doc. 15) are denied as moot.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED:  This 30th day of January, 2007, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

7